CLAYTON et al. v. McMAKIN.

(Court of Civil Appeals of Texas. April 8, 1911.)

CERTIORARI (§ 71*)—REVIEW OF JUDGMENT OF JUSTICE OF THE PEACE.

Rev. St. 1895, art. 1436, provides that, in case of certiorari taken by the unsuccessful party below if judgment be against him but for a less amount, he shall recover the costs of the court above, and article 1438 permits the court for good cause to adjudge the costs otherwise than as provided in the previous articles. *Held,* that where a default judgment was rendered

---

against defendant in a justice's court in an action on a note, and he took the case by certiorari to the county court on the ground that certain credits should have been allowed, which court reduced the judgment by that amount, the fact that plaintiff instructed the justice of the peace to credit his judgment with the amount of such credits and he failed to do so was not cause for refusing to allow defendant costs in the county court; he having been compelled to take the case there in order to have his credits allowed.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 209-213; Dec. Dig. § 71.*]

Appeal from Hunt County Court; J. W. Manning, Judge.

Action by J. W. McMakin against Emma Clayton and another. From a judgment for plaintiff, defendants appeal. Reformed and affirmed.

J. G. Matthews, for appellants. Looney, Clark & Leddy, for appellee.

BOOKHOUT, J. This suit originated in the justice's court of precinct No. 1, Hunt county, Tex., wherein J. W. McMakin, as plaintiff, sued the defendant Emma Clayton and her husband, E. M. Clayton, on a promissory note for the sum of $87.85, with interest on the same at the rate of 10 per cent. per annum from date until paid, and 10 per cent. as attorney's fees. The suit resulted in a judgment by default against Emma Clayton in the sum of $115.18. On the 27th day of December, 1909, the defendant Emma Clayton applied to Hon. J. W. Manning for a writ of certiorari to bring said cause to the county court for revision and correcting, alleging certain credits that should have been placed on said notes, and desiring to have said credits made. The writ of certiorari was granted, and the petition and bond filed in accordance with said order, and said appeal by certiorari perfected. On the 5th day of April, 1910, the cause came on for trial before the county judge, who rendered judgment for plaintiff in the sum of $107.07. It was ordered in the judgment that the costs of both courts be taxed against the defendant for the reason that the undisputed evidence shows that the plaintiff instructed the justice of the peace to credit the judgment of the lower court with $8, which he failed to do. To the judgment and ruling of the court the defendant excepted and has perfected an appeal.

[1] It is assigned that the court erred in entering judgment against the defendant for the costs of the county court. The proposition presented is that where a judgment by default against the maker of a promissory note is taken in the justice's court, and the defendant appeals by certiorari on the grounds shown in his petition, that certain credits should be allowed on said note, and reduces the judgment the sum of $8, it is erroneous for the county court to give judgment against the defendant for the costs of the county court on the grounds that the undisputed evidence showed that plaintiff had instructed the justice of the peace to credit the judgment of the lower court with $8, which he failed to do. This proposition must be sustained. The judgment recovered against appellants in the justice's court was for $115.18. The judgment rendered against them in the county court was for $107.07. The judgment of the justice of the peace was reduced on appeal $8.11. Under the statute the costs in the county court in such a case should be taxed against McMakin, he having recovered judgment in the county court for an amount less than he recovered in the justice's court. Rev. St. 1895, art. 1436. It is true that by the statute the court may for good cause to be stated on the record adjudge the costs otherwise than as provided in the above statute. Rev. St. 1895, art. 1438.

We are of the opinion that the reason set out in the judgment that the plaintiff instructed the justice of the peace to credit the judgment in his court with $8, which he failed to do, is not good cause within the meaning of this statute. Notwithstanding appellee's instruction to the justice to enter the credit, the fact remains that the judgment was not so credited, and the defendants in the judgment were compelled to appeal to the county court by certiorari to obtain the credit. Having succeeded in the county court in reducing the judgment to an amount less than the judgment of the justice of the peace, appellants were entitled to the costs in the county court.

The judgment will be reformed so as to charge appellee with the costs in the county court, and, as reformed, is affirmed. The costs of this appeal are taxed against appellee.

Reformed and affirmed.